UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Ederson Martignago,
         Petitioner

         v.                                    Case No. 26-cv-445-SM-AJ
                                               Opinion No. 2026 DNH 080

Warden, Strafford County
Department of Corrections, et al.,
         Respondents


                              **O R D E R**


         Ederson Martignago is a civil immigration detainee from Brazil.  He brings this habeas corpus petition seeking a court order directing respondents to release him immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.  On June 1, 2026, the respondents were directed to show cause why the court should not grant the petition to the extent it seeks an order directing them to afford petitioner a bond hearing based upon his apparent membership in the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), and/or his similarity to the petitioner in Destino v. FCI Berlin, Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

On June 4, 2026, the federal respondents filed their response, in which they assert that petitioner is not entitled to the relief he seeks.  Specifically, they assert that petitioner has been convicted of two separate charges of larceny.  And, they say, larceny is a crime involving moral turpitude, which makes petitioner inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (providing that any alien convicted of a crime involving moral turpitude is inadmissible).  See generally Onwuamaegbu v. Gonzales, 470 F.3d 405, 407 n.2 (1st Cir. 2006) ("Larceny is generally considered a crime of moral turpitude.") (citing Lawrence v. Gonzales, 446 F.3d 221, 226-67 (1st Cir. 2006)).

Consequently, respondents assert that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(a) and is not entitled to either immediate release or a bond hearing.  See generally Demore v. Kim, 538 U.S. 510, 513 (2003) ("We hold that Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings."); Jennings v. Rodriguez, 583 U.S. 281, 305-06 (2018) ("We hold that § 1226(c)

2

mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes.").

Petitioner has not responded or otherwise disputed respondents' factual or legal claims.

### Conclusion

In light of the foregoing, the court will deny the petition and close the case on **July 9, 2026,** unless petitioner shows cause why it should remain open.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 17, 2026

cc:  Counsel of Record