UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Ederson Martignago,
Petitioner

v.

Case No. 26-cv-445-SM-AJ
Opinion No. 2026 DNH 134

Warden, Strafford County
Department of Corrections, et al.,
Respondents

**O R D E R**

Ederson Martignago is a civil immigration detainee from Brazil. He filed this habeas corpus petition seeking a court order directing respondents to release him immediately from ICE custody or, in the alternative, to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker. See generally 28 U.S.C. § 2241. He has been detained by ICE since early April of 2026.

On June 1, 2026, the respondents were directed to show cause why the court should not grant the petition to the extent it seeks an order directing them to afford petitioner a bond hearing based upon his apparent membership in the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185

(D. Mass. 2025), and/or his similarity to the petitioner in Destino v. FCI Berlin, Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

On June 4, 2026, the federal respondents filed their response, in which they assert that petitioner is not entitled to the relief he seeks. Specifically, they assert that petitioner has been convicted of two separate charges of larceny. And, they say, larceny is a crime involving moral turpitude, which makes petitioner inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (providing that any alien convicted of a crime involving moral turpitude is inadmissible). See generally Onwuamaegbu v. Gonzales, 470 F.3d 405, 407 n.2 (1st Cir. 2006) ("Larceny is generally considered a crime of moral turpitude.") (citing Lawrence v. Gonzales, 446 F.3d 221, 226-67 (1st Cir. 2006)).

Consequently, respondents assert that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(a) and is not entitled to either immediate release or a bond hearing. But, as the government itself has conceded in a similar case, "mandatory detention under section 1226(c) without a bond hearing violates the Due Process Clause when it becomes unreasonably prolonged in

relation to its purpose in ensuring the removal of deportable criminal noncitizens." Reid v. Donelan, 17 F.4th 1, 8 (1st Cir. 2021) (quoting Reid v. Donelan, 390 F. Supp. 3d 201, 209 (D. Mass. 2019)). See also Black v. Decker, 103 F.4th 133, 142 (2d Cir. 2024) ("a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing."), cert. granted sub nom. Genalo v. Black, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026); German Santos v. Warden, 965 F.3d 203, 210 (3d Cir. 2020) (similarly holding that due process mandates that noncitizens detained under § 1226(c) be afforded a bond hearing once detention becomes unreasonably prolonged). See generally Fils-Aime v. FCI Berlin, Warden, 808 F. Supp. 3d 218, 224 (D.N.H. 2025) (holding that this court "joins the several district and circuit courts that have suggested and held that prolonged mandatory detention [under section 1225(b)] pending removal proceedings, without a bond hearing, will at some point violate the right to due process.") (collecting cases); Rosales-Navares v. FCI Berlin, Warden, 2026 WL 1133463 at *4 (D.N.H. April 27, 2026) ("Apart from citing Zadvydas and Arteaga-Martinez, the government does not explain why Rosales-Navares lacks the same right against unreasonably prolonged detention recognized by my colleagues in Fils-Aime, K-S-, and Beneche. Persuaded instead

that my colleagues' view is correct, I join their consensus and proceed to examine Rosales-Navares's prolonged-detention claim under the same multi-factor rubric.").

In light of the foregoing, the court will defer ruling on Martignago's petition until after October 7, 2026 (the point at which petitioner will have been detained for the presumptively-reasonable period of six months). Then, on or before **October 14, 2026**, the government shall file a status report. If the petitioner has not either: (a) been provided a constitutionally adequate bond hearing before an immigration judge, or (b) been removed to Brazil (or a third country), the federal respondents shall show cause why the court should not grant the petition to the extent it seeks an order directing them to provide petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker, based upon the conclusion that his detention has become unreasonably prolonged and due process compels such a hearing. See generally Dixon v. Warden, FCI Berlin, no. 26-cv-593 (D.N.H. Aug. 25, 2026) (discussing the factors that are relevant when determining whether such a bond hearing is warranted).

Petitioner may file a response within 10 days after the government has responded to this order.

**SO ORDERED.**

______________________________
Steven J. McAuliffe
United States District Judge

September 21, 2026

cc: Counsel of Record