UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Ederson Martignago,
Petitioner

v. Case No. 26-cv-445-SM-AJ

Warden, Strafford County
Department of Corrections, et al.,
Respondents

**O R D E R**

Ederson Martignago is a civil immigration detainee from Brazil. He filed this habeas corpus petition alleging that he is being detained in violation of the Due Process Clause of the Fifth Amendment. See generally 28 U.S.C. § 2241. According to the federal respondents, he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(a). He seeks a court order directing respondents to release him immediately from ICE custody or, in the alternative, to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker. He has been detained by ICE since early April of 2026.

On September 21, 2026, the court directed the federal respondents to show cause "why the court should not grant the

petition to the extent it seeks an order directing them to provide petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker, based upon the conclusion that his detention has become unreasonably prolonged and due process compels such a hearing." Show Cause Order (document no. 18) (citing Dixon v. Warden, Fed. Corr. Inst., Berlin, No. 26-CV-593-SM-AJ, 2026 WL 2481179 (D.N.H. Aug. 25, 2026)). In response, the federal respondents have moved the court to order that petitioner be afforded a bond hearing:

> Based on a review of the record of proceedings before the Immigration Court and the filings in the instant case, Federal Respondents respectfully request that the Court order that Petitioner appear before an Immigration Judge for a constitutionally adequate bond hearing.

Federal Respondents' Response (document no. 25), at 1. The federal respondents have also proposed to petitioner's counsel that "the Department of Homeland Security would agree to a joint motion to expedite Petitioner's BIA appeal of the Immigration Judge's order of removal." Id. at 2.

## Conclusion

In light of the foregoing, federal respondents shall provide Martignago with a constitutionally adequate bond hearing before an IJ as soon as practicable, at which the government

will bear the burden to either: (1) prove by a preponderance that Martignago is a flight risk; or (2) prove by clear and convincing evidence that he poses a danger to the community. See generally Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

If the government fails to provide a constitutionally adequate bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

To the extent Martignago seeks an order directing his immediate release, that request is denied without prejudice. The court finds that a bond hearing before an IJ is sufficient to protect his rights at this stage.

The government shall file a status report within fourteen days.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

October 27, 2026

cc: Counsel of Record